WILLIAM A. STEVENS, attorney-general, complainant,

*v.*

WRIGLEY PHARMACEUTICAL COMPANY et al., defendants.

[Decided April 7th, 1931.]

*Mr. Robert D. Grossman,* assistant attorney-general, for the complainant.

*Mr. Emerson L. Richards,* for the defendants.

BACKES, V. C.

The Wrigley Pharmaceutical Company, a Delaware corporation, failed 'to answer a questionnaire directed to it by the attorney-general as required by section 3 of the Fraudulent Stocks Sales act (blue-sky law), and thereupon this court in an appropriate proceeding by the attorney-general—

"* * * Ordered that in the meantime and pending further order of this court, the defendant Wrigley Pharmaceutical Company, a Delaware corporation, doing business in the State of New Jersey, its officers, directors, agents, brokers, servants 'as well as all other persons acting in aid or assistance of them, be and they are hereby, jointly and severally, restrained and enjoined from issuing, selling, offering for sale, purchasing, offering to purchase, promoting, negotiating, advertising or 'distributing any securities whatsoever

within the State of New Jersey, and particularly the securities of the defendant company, pending the final hearing of this cause and further order of'this court"

That was in September, 1929. Thereafter the company sold thirty-eight thousand shares of its stock to non-residents of this state; the sales of the stock were made and the certificates thereof were issued outside the state, though promoted within the state. The injunction was in the language of the statute as it then stood. *P. L. 1927 p. 138; P. L. 1929 p. 773.*

The object of the act as expressed in the title and in the body of the act, was to prevent the sale of the denounced stock within this state and the purpose was the protection of the citizens of this state. The provision of the act declaring as unlawful *inter alia* "promoting," merely proscribes one of the steps in the sale of stock within this state, and is not referable to sales of fraudulent stock made outside the state.

That apparently was the conception of the legislature, for it later (*P. L. 1930 p. 250*) amended the statute (without amending the title) placing a ban on the sale of fraudulent stock within "or from this state," not so much to protect the citizens of other states as to prevent this state from being used as a base of operations for crooks marauding outside the state.

Order to hold for contempt is denied.